**BAILEY LAW PARTNERS, LLP**
Sloan C. Bailey (SBN 188113)
Paul K. Pfeilschiefter (SBN 301463)
1010 B Street, Suite 320
San Rafael, CA 94901
Telephone: (415) 966-2919
Email: paul@workerrightsattorney.com

Attorney for Plaintiff Sachae Diggs

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACHAE DIGGS, On Behalf of Herself and All Others Similarly Situated; <br><br> Plaintiff's, <br><br> v. <br><br> Manna Beverages MBV-CA, LLC, a Delaware Corporation, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br> 1. **VIOLATION OF WARN ACT (29 U.S.C. §§ 2101 *et seq.*)** <br> 2. **VIOLATION OF CALIFORNIA WARN ACT (CAL. LABOR CODE §§ 1400 *et seq.*)** <br> 3. **FAILURE TO PAY ALL WAGES DUE IN VIOLATION OF CAL. LABOR CODE §§ 200, 201 & 203** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Sachae Diggs ("Plaintiff") on behalf of herself and others similarly situated, by and through her attorney of record, for all causes of action against all Defendants, hereby alleges as follows:

### I.    NATURE OF THE ACTION

1. Plaintiff files this class action complaint against Defendant Manna Beverages MBV-CA, LLC ("MBV") for violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act"), as well as the California WARN Act, Cal.

Lab. Code § 1400 *et seq.* (the "CA WARN Act") and the California Labor Code.

2.   On October 3, 2025, MBV initiated notice to its employees that it would be closing all of its facilities.

3.   On that same day, a report was made to the California Employment Development Department ("EDD") that MBV permanently closed locations in three California municipalities, including operations in West Sacramento, including those at 2286 Stone Blvd., West Sacramento, California, 95691 (impacting 237 employees); 3600 Massie Court, West Sacramento, California, 95691 (impacting 98 employees); 2150 Stone Blvd., West Sacramento, California, 95691 (impacting 25 employees); and 3685 Massie Court, West Sacramento, California, 95691 (impacting 18 employees). (Collectively hereinafter, "West Sacramento.") In total, 378 employees working in the West Sacramento operations were impacted according to MBV's report to the EDD.

4.   MBV failed to provide 60 days of advance notice of the permanent closure as required under both the WARN Act and the CA WARN Act.

5.   Plaintiff files this action seeking damages and to ensure compliance with the law requiring the requisite notice or severance payment in connection with the permanent closure at the West Sacramento facility and that Defendant not solicit releases of claims of any employees without informing them of the pendency of this action and their right to pursue claims for violations of the WARN Act and CA WARN Act in addition to claims for violations of the California Labor Code.

6.   Plaintiff seeks monetary damages and immediate injunctive relief on behalf of themselves and all similarly situated employees, precluding Defendant from circumventing the requirements of the WARN Act, the CA WARN Act, and the California Labor Code.

## II.   **PARTIES**

### A. Plaintiff

1.   Plaintiff Sachae Diggs was employed at MBV from October 1, 2023, until MBV's

Complaint

sudden permanent closure on October 3, 2025, and is a resident of Antelope, California.

**B. Defendant**

2.       Defendant MBV is a Delaware Corporation, with its principal address listed at 3309 Collins Ln., Louisville, Kentucky, 40245.

### III.   JURISDICTION AND VENUE

3.       Jurisdiction is based on 28 U.S.C. §§ 1331, 1332; 29 U.S.C. §§ 2102, 2104(a)(5); and California Labor Code § 1404 of the Worker Adjustment and Retraining Notification Act.

4.       This Court has supplemental jurisdiction over Plaintiff's' state law claims under 28 U.S.C. § 1367.

5.       Venue in this District is proper under 28 U.S.C. § 1391(b) and (c), and 29 U.S.C. § 2104(a)(5) of the WARN Act because Defendant do business in this District, employed Plaintiff and many other individuals in this District, and the acts underlying the WARN Act violations took place in this District.

### IV.   FACTUAL ALLEGATIONS

6.       The allegations herein are based on Plaintiff's employment records, publicly filed documents, and publicly available news resources, as well as the investigation of counsel.

7.       MBV is an affiliate of Manna Capital Partners, which specializes in the beverage industry. On September 26, 2023, MBV announced its intent to acquire California-based Nor-Cal Beverage Company, the largest independent co-packer of teas, Ades, chilled juices, waters, and energy drinks west of the Mississippi, which had two California locations. One location in Anaheim, California, and another in West Sacramento.[1]

8.       Plaintiff began working in the West Sacramento location soon after the acquisition was announced, beginning on or around October 1, 2023, where she worked without incident.

9.       On October 2, 2025, Plaintiff, along with hundreds of her colleagues, was

---

[1] This lawsuit addresses only the West Sacramento location.

Complaint

suddenly shut out of her MBV workplace, receiving notice of MBV's intent to permanently close the West Sacramento location on October 3, 2025, accompanied by instructions to return MBV belongings.

10.    MBV failed to provide notice to its employees of the permanent closure that complies with the federal and state WARN Act requirements, including by failing to report to the California Employment Development Department as required by California Labor Code § 1401(a)(2).

## V.    CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this action as a class action under Rule 23(a), Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, as well as 29 U.S.C. § 2104(a)(5) and California Labor Code § 1404, each of which permit recovery by individuals on behalf of others who are similarly situated. The proposed class ("Class") is defined as follows:

*All prior employees of Defendant MBV who were subjected to the permanent shutdown of the West Sacramento location on or about October 3, 2022.*

12.    **Common Facts**. The following facts are common to the members of the Class, making this action optimal for class resolution:

13.    Plaintiff and Class members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act, 29 U.S.C. § 2101(a)(5) and (6).

14.    Plaintiff and Class members were subjected to a "plant closing" as defined in the WARN Act, 29 U.S.C. §§ 2101(a)(2) and 2101 (a)(3).

15.    Plaintiff and Class members were subjected to a "layoff" as defined in the California Labor Code § 1400(c) and a "mass layoff" as defined at California Labor Code § 1400(d) because the furloughs involved more than fifty employees in a thirty-day period.

16.    Plaintiff and the Class members are "employees" at a "covered establishment" subject to a "mass layoff" and/or "termination" as those terms are defined in the CA WARN Act,

Complaint

California Labor Code § 1400.

17. **Numerosity**. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown at this time, Plaintiff is informed and believe that approximately one hundred and seventy employees were impacted by Defendant's conduct as alleged herein.

18. **Typicality**. Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the members of the Class were subject to the same or similar practices arising out of Defendant's common course of conduct in violation of the federal and state laws as alleged herein. Plaintiff and the Class have sustained similar types of damages because of these common practices.

19. **Adequacy**. Plaintiff will fairly and adequately protect the interests of the Class because they possess the same interests and suffered the same general injuries as all other Class members. Plaintiff have retained counsel competent and experienced in class action litigation including wage and hour class action litigation.

20. **Commonality**. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Questions of law and fact common to the Class include but are not limited to:

   a. Whether Defendant failed to provide adequate notice to furloughed or laid off employees as required by the Federal WARN Act and the CA WARN Act;

   b. Whether Defendant complied with the California Labor Code;

   c. Whether any exemptions or exceptions apply that will excuse Defendant failure to provide notice under the Federal WARN Act or the CA WARN Act; and

   d. Whether Defendant have acted or refused to act on grounds generally applicable to the members of the Class, thereby making final injunctive or declaratory relief appropriate with respect to the Class as a whole.

21. **Superiority**. A class action is superior to other available methods for the fair and

Complaint

efficient adjudication of this controversy because joinder of all members of the Class is impracticable. The prosecution of separate actions by individual members of the Class would impose heavy burdens on the courts and the parties and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class. A class action, on the other hand, will achieve substantial economies of time, effort, and expense, and will assure uniformity of decision as to persons similarly situated, without sacrificing procedural fairness.

22.    The interests of members of the Class in individually controlling the prosecution of separate actions is highly limited and impractical. The Class has a high degree of cohesion warranting prosecution of the action through representatives. The amounts at stake for Class members, while substantial in the aggregate, are comparatively small on an individual basis. As individuals, the Class members lack the resources necessary to vigorously litigate against the ample and powerful resources of the Defendant. Plaintiff does not anticipate any difficulty in the management of this action as a class action.

## VI.    COUNT ONE: VIOLATIONS OF THE FEDERAL WARN ACT

### (29 U.S.C. § 2101 *et seq.*)

### (Against All Defendant)

23.    Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs.

24.    At all times material herein, Plaintiff and all similarly situated members of the Class, were entitled to the rights, protections, and benefits provided under the WARN Act, 29 U.S.C. § 2101, *et seq*.

25.    The WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to the employer's closing of a plant or mass layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period.

26.    Defendant was and remains subject to the notice and back pay requirements of the

WARN Act because they are individually and collectively a business enterprise that employs 100 or more employees, excluding part-time employees, as defined in the Act. 29 US.C. § 2101(1)(A).

27.    Defendant violated the WARN Act by ordering a mass layoff of employees on or before October 31, 2022, without providing notice required under the WARN Act.

28.    None of the exemptions provided by the WARN Act apply to Defendant. Accordingly, Plaintiff's and Class members are entitled to receive the notice and back pay required by the WARN Act (29 U.S.C. §§ 2102 and 2104).

29.    Plaintiff and all similarly situated employees have been damaged by Defendant's conduct constituting violations of the WARN Act and are entitled to damages, including back pay and associated benefits for each day of the violation because Defendant have not acted in good faith or with reasonable grounds to believe their acts and omissions were lawful.

## VII.    COUNT TWO: VIOLATIONS OF THE CALIFORNIA WARN ACT
### (LABOR CODE § 1400 *et seq*.)
### (Against All Defendant)

30.    Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs.

31.    At all times material herein, Plaintiff's and all members of the Class, have been entitled to the rights, protections, and benefits provided under the CA WARN Act, California Labor Code § 1400, *et seq*.

32.    The CA WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to the employer's layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period.

33.    Defendant was and remains subject to the notice and back pay requirements of the CA WARN Act because the facilities are covered establishments that employ 75 or more

Complaint

employees, excluding part-time employees, as defined by Cal. Labor Code § 1400.

34.    Defendant violated the CA WARN Act by ordering a mass layoff of employees as set forth herein without providing the required notice.

35.    None of the CA WARN Act exemptions apply to Defendant.

36.    Accordingly, Plaintiff and all similarly situated employees have been damaged by Defendant's conduct constituting violations of the CA WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violation because Defendant have not acted in good faith nor with reasonable grounds to believe the acts and omissions described herein were not a violation of the CA WARN Act.

## VIII.    COUNT THREE: FAILURE TO PAY ALL WAGES DUE

### (Labor Code §§ 200, 201, 203)

### (Against All Defendant)

37.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

38.    California Labor Code section 200 provides:

   a.   [As used in this article] "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.

   b.   [As used in this article] "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the to be paid for is performed personally by the person demanding payment.

39.    Cal. Lab. Code section 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

40.    Cal. Lab. Code section 202 provides, in relevant part, that: "If an employee not

8

Complaint

having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting."

41.    Cal. Lab. Code section 203 provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

42.    Plaintiff has not been paid the entirety of their wages at the time they terminated their employment with DEFENDANT as required by the California Labor Code.

43.    Plaintiff, on behalf of herself and others similarly situated, therefore demands thirty days penalties pursuant to Labor Code section 203, an accounting and payment of all wages now due, plus interest and statutory costs as allowed by law.

## IX.    PRAYER FOR RELIEF

44.    WHEREFORE, Plaintiff, on her own behalf and on behalf of all other Class members, seeks the following relief:

    a.    entry of an order that this action may be maintained as a class action under Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure;

    b.    entry of an order granting injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure;

    c.    designation of the named Plaintiff's as the representatives of the Class and their

Complaint

counsel of record as Class Counsel;

d.  compensatory damages in an amount equal to at least the amounts provided by the WARN Act (29 U.S.C. § 2104(a)) and the CA WARN Act (Cal. Labor Code § 1402(a));

e.  penalties in the maximum amount permitted under the WARN Act (29 U.S.C. § 2104) and the CA WARN Act (Labor Code § 1403);

f.   reasonable attorneys' fees, costs and disbursements as allowed by the WARN Act (29 U.S.C. § 2104(1)(6)) and the CA WARN Act (Cal. Labor Code § 1404);

g.  pre-judgment and post-judgment interest as permitted by law; and

h.  such other relief as this Court shall deem just and proper.

## X.    DEMAND FOR JURY TRIAL

45.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff's demand a jury trial as to all issues triable by a jury.



Dated:   October 8, 2025          **BAILEY LAW PARTNERS, LLP**


By: /s/ *Paul K. Pfeilschiefter*
Paul K. Pfeilschiefter
Attorney for Plaintiff